IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WINFRED FORKNER**                                                         **PLAINTIFF**

**VS.**                                           **CIVIL ACTION: 1:15cv96-KS-RHW**

**MARSHALL FISHER**, *et al.*                                        **DEFENDANTS**

### REPORT AND RECOMMENDATION

Before the Court are two motions filed by the *pro se* Plaintiff Winfred Forkner in this prisoner civil rights lawsuit filed under 42 U.S.C. § 1983. According to the Mississippi Department of Corrections (MDOC) web site and Plaintiff's *Spears*/omnibus hearing testimony, Winfred Forkner is serving a habitual offender life sentence for non-residential burglary, having entered the MDOC system on March 19, 2001. He is presently housed at South Mississippi Correctional Institution (SMCI), and he has no stated release date.

On March 23, 2015, Forkner filed this lawsuit, alleging Defendants have been deliberately indifferent to his serious medical needs. He alleges in his complaint that all Defendants have been made aware that he has Hepatitis C, but have "failed to take reasonable action of prevention." Forkner testified at the June 30, 3015 hearing that he first learned he has the disease in 2013 shortly before he was transferred to SMCI in February 2014. Forkner complains that he has received no treatment or medication for Hepatitis C, but admitted in his testimony that did not even know he had the disease until it was diagnosed from blood tests, and that he has experienced no symptoms.

Forkner's lawsuit names as defendants Chief Medical Director at SMCI Dr. Ronald Woodall, MDOC Commissioner Marshall Fisher, SMCI Superintendent Raymond T. Byrd, SMCI Warden Marshall Turner and SMCI Medical Administrator Mike Hatten. Forkner testified

he sued Dr. Woodall because the doctor has decided to monitor Forkner's condition for the time being.  Forkner testified he has laboratory testing done every six months, but he complains that he is not getting "preventative treatment" for his condition.  Forkner stated he sued Fisher, Turner and Hatten for not responding to letters he sent them, and he sued Byrd for responding to letter from Forkner stating that there was nothing he (Byrd) could do and that Forkner should direct this matter to the medical department.

In Motion [25] filed July 9, 2015, Forkner seeks summary judgment against Defendants Marshall Fisher, Raymond T. Byrd, Marshall Turner and Mike Hatten based on an erroneous allegation that these Defendants have failed to answer his complaint.  The docket affirmatively shows that Fisher, Byrd, Turner and Hatten timely answered Forkner's lawsuit on April 30, 2015.  The certificate on the answer shows that a copy of their answer was mailed to Forkner at his address of record on that date.  Since the stated grounds for summary judgment do not exist, the undersigned recommends denial of Forkner's motion for partial summary judgment.

In Motion [23] Forkner seeks a preliminary injunction requiring Defendants to provide him "immediate preventive treatment" for his asymptomatic disease, or alternatively that he be immediately released from confinement via "medical parole."  To be entitled to preliminary injunctive relief a party must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that irreparable injury will result if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm to defendant, and (4) that granting the preliminary injunction will not disserve the public interest. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.* 760 F.2d 618, 621 (5th Cir. 1985).  A preliminary injunction is an extraordinary remedy.  It should be granted only if the moving party has clearly carried the burden of persuasion on all four prerequisites.  The decision to grant a preliminary injunction is

to be treated as the exception rather than the rule. *Id.* at 622. Forkner believes the medical protocol being followed by prison officials with respect to his condition equates to deliberate indifference, but he has provided no evidence from which this Court might find the existence of any of the above prerequisites for injunctive relief.

## RECOMMENDATION

In accordance with the foregoing, the undersigned United States Magistrate Judge recommends that Plaintiff's motions for partial summary judgment and for a preliminary injunction be denied.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *L.U.Civ.R.,* parties have 14 days after being served a copy of this Report and Recommendation to serve and file written objections to it. Objections must be filed with the clerk of court, served upon the other parties and submitted to the assigned District Judge. Objections must specifically identify the challenged findings, conclusions, and recommendations; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to timely file written objections shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 18th day of November, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE