**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**WINFRED FORKNER**                                                     **PLAINTIFF**

**v.**                                                                 **CAUSE NO. 1:15-CV-96-KS-RHW**

**MARSHALL FISHER, ET AL.**                                     **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Winfred Forkner's ("Plaintiff") Objection [54] to the Report and Recommendations ("Report") [45] filed by United States Magistrate Judge Robert H. Walker (the "Magistrate") on November 18, 2015. After reviewing the Report [45], the record, Plaintiff's Objection, and the applicable law, the Court finds the Magistrate properly recommended that Plaintiff's motions for partial summary judgment and for a preliminary injunction should be denied. The Court therefore finds that Plaintiff's Objection [54] should be overruled and that the Magistrate's Report [45] should be adopted as the opinion of the Court.

**I. BACKGROUND**

Plaintiff is a prisoner at South Mississippi Correctional Facility and is serving habitual offender life sentence for non-residential burglary. Plaintiff filed this lawsuit on March 23, 2015, against Defendants Marshall Fisher ("Fisher"), Raymond T. Byrd ("Byrd"), Marshall Turner ("Turner"), Mike Hatten ("Hatten") and Ronald Woodall. Plaintiff brings claims of deliberate indifference to his serious medical needs under 42 U.S.C. § 1983. Plaintiff claims that he has been diagnosed with Hepatitis C, though he has shown no symptoms, and contends that he has received no treatment or medication for his disease.

On June 30, 2015, Plaintiff filed his Motion for a Preliminary Injunction [23], seeking a

preliminary injunction for "immediate preventive treatment" or alternatively immediate release on "medical parole."  On July 9, 2015, Plaintiff filed his Motion for Partial Summary Judgment [25] against Defendants Fisher, Byrd, Turner, and Hatten (collectively "Defendants"), on the basis that they never filed an answer to his Complaint [1].  The Magistrate reviewed Plaintiff's motions and filed his Report [45] on November 18, 2015, finding that neither motion had merit and recommending that both be denied.  Plaintiff's objections to the Report [45] were due on December 2, 2015.  Plaintiff filed his Objection [54] on December 7, 2015.

## II.  DISCUSSION

The portions of the Magistrate's Report [45] not objected to are subject to review under a clearly erroneous standard.  *Williams v. K & B Equipment Co., Inc.*, 724 F.2d 508, 510 (5th Cir. 1984).  As such, they will only be reversed if the Court is "left with a definite and firm conviction that a mistake has been committed."  *Id.* (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).  After a thorough review of the Report [45], the relevant motions [23][25], the record, and the relevant law, the Court finds no such mistake and **adopts** the findings and conclusions of the Magistrate in the non-objected to portions of the Report [45] as the opinion of the Court.

The Court further finds that Plaintiff's Objection [54] is untimely and should be **overruled** on that ground alone.  However, even if the Objection [54] had been timely filed, it would still be overruled.

Plaintiff raises two grounds in his Objection [54].  First, he claims that he never received Defendants' Answer [13] and therefore his Motion for Partial Summary Judgment [25] should be granted.  Second, he claims that the Magistrate used the incorrect standard in analyzing his Motion for a Preliminary Injunction [23] in violation of due process.

Plaintiff claims that he never received Defendants' Answer [13] and that summary judgment is appropriate because his allegations in his Complaint [1] should be deemed admitted as a result. The record clearly shows, though, that Defendants timely filed their Answer [13] with the Court on April 30, 2015, and that a copy was mailed, via United States Postal Service, to Plaintiff at his correct address at the South Mississippi Correctional Facility.  Under Federal Rule of Civil Procedure 5(b)(2)(C), Defendants' obligation of service of their Answer [13] was complete upon mailing.  Absent any proof that the Certificate of Service attached to the Answer [13] is false and Defendants did not mail a copy of their Answer [13] to Plaintiff, the Court must agree with the Magistrate's finding that the stated grounds for summary judgment do not exist and would overrule Plaintiff's Objection [54] as to this issue even had it been timely filed.  The Court will therefore **adopt** the findings and conclusions of the Report [45] and **deny** Plaintiff's Motion for Partial Summary Judgment [25].

Plaintiff also argues that, in analyzing his Motion for a Preliminary Injunction [23], the Magistrate should have used the standard found in Federal Rule of Civil Procedure 8(b)(6), which provides that an allegation in a pleading is admitted if not denied in a responsive pleading.  Plaintiff makes this argument under the belief that Defendants' did not file an answer.  The Court has found that Defendants' properly filed and served their Answer [13]  in this action, and no relevant allegations were admitted. Therefore, this argument is also meritless and would have been overruled even if timely filed.  The Court will **adopt** the findings and conclusions of the Report [45] as to this issue and **deny** Plaintiff's Motion for a Preliminary Injunction [23].

The Magistrate's Report [45] is therefore **adopted** in its entirety, and the Court will **deny** both motions [23][25] as recommended.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Objection [54] is **overruled**, and the United States Magistrate Judge Robert H. Walker's Report and Recommendation [45] is **accepted, approved, and adopted** as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion for Partial Summary Judgment [25] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion for a Preliminary Injunction [23] is **denied.**

SO ORDERED AND ADJUDGED this the 8th day of January, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE