**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**WINFRED FORKNER**                                                    **PLAINTIFF**

**v.**                                                            **CAUSE NO. 1:15-CV-96-KS-RHW**

**MARSHALL FISHER, ET AL.**                                     **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Summary Judgment Based on Sovereign and Qualified Immunity ("Motion for Summary Judgment") [34] filed by Defendants Marshall Fisher, Raymond T. Byrd, Marshall Turner, and Mike Hatten (collectively "Defendants"). After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion should be granted in part and denied in part.

**I.  BACKGROUND**

Plaintiff Winfred Forkner ("Plaintiff") is an inmate in the custody of the Mississippi Department of Corrections ("MDOC") and, at all times relevant to this action, was housed at the South Mississippi Correction Institution ("SMCI"). Defendants are Marshall Fisher, Commissioner of MDOC; Raymond Byrd, former Superintendent of SMCI; Marshall Turner, Warden at SMCI; and Mike Hatten, MDOC Health Services Administrator. In his Complaint [1], Plaintiff brings claims against Defendants in their official and individual capacities under 42 U.S.C. § 1983, for violations of his Eighth Amendment rights. Plaintiff brings similar claims against Defendant Ronald Woodall, who is not a party to the current motion.

Specifically, Plaintiff alleges that Defendants were aware of the medical needs he had as a result of his Hepatitis C and violated his Eighth Amendment rights through their inaction in ensuring

he received proper treatment.

Defendants now bring their current Motion for Summary Judgment [34], arguing that Plaintiff's claims are barred by sovereign and qualified immunity.

## II.  DISCUSSION

### A.    Qualified Immunity

Defendants argue that Plaintiff's claims against them in their individual capacities must fail because they are protected by qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982)) (internal quotations omitted). This doctrine, where applicable, is a bar to suit altogether "rather than a mere defense to liability." *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L.Ed.2d 411 (1985)).

There are two steps in deciding whether qualified immunity applies. *Id.* at 232. "First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001)) (internal citations omitted). If the plaintiff can establish this, then "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* If both steps are satisfied, qualified immunity does not apply.

In determining whether Defendants are protected by qualified immunity for Plaintiff's denial of medical treatment claim under § 1983, the Court first looks at whether Plaintiff can make out a violation of his constitutional rights under this claim. Plaintiff alleges that Defendants violated his

Eighth Amendment rights by not ensuring he received proper medical treatment for his Hepatitis C. "Finding a violation of the Eighth Amendment's prohibition against cruel and unusual punishment . . . requires a twofold analysis." *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). Plaintiff must show an "objective exposure to a substantial risk of serious harm" and "that prison officials acted or failed to act with deliberate indifference to that risk." *Id.* at 345-46. Defendants do not argue that Plaintiff cannot show a substantial risk of harm, but only that their actions did not rise to the level of "deliberate indifference."

"A prison official acts with deliberate indifference 'only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it.'" *Gobert*, 463 F.3d at 346 (quoting *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994)) (alteration in original). Deliberate indifference requires a high level of proof, and allegations of negligence are not enough to meet this standard. *Id.* Plaintiff must allege conduct that "clearly evince[s] a wanton disregard for any serious medical needs." *Id.*

Plaintiff has not alleged that any of the Defendants had any direct involvement in his medical treatment, and Plaintiff's assertions that Defendants were aware of the risk to his health are not enough to establish liability under § 1983. "Section 1983 does not create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Plaintiff has not alleged any specific conduct by Defendants at all, let alone conduct that "clearly evince[s] a wanton disregard" for the risk to his health on the part of the Defendants. *Gobert*, 463 F.3d at 346. In failing to make such allegations, he has failed to establish a prima facie claim that his Eighth Amendment rights have been violated. Qualified immunity therefore applies, and the Court will **grant** Defendants' Motion for Summary Judgment [34] as to the claims pending against Defendants in their individual

3

capacities.

**B.     Sovereign Immunity**

Defendants further contend that Plaintiff's claims against them in their official capacities must fail because of sovereign immunity. State officials are not persons subject to suit under 42 U.S.C. § 1983 because "a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself." *Am. Bank & Trust Co. of Opelousas v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989)) (alteration in original). The sole exception to this is when the state official in his or her official capacity is sued for injunctive relief. *Id.*

The Court therefore must dismiss the § 1983 claim against Defendants in their official capacity as to Plaintiff's demand for money damages. However, sovereign immunity does not apply to Plaintiff's demand for injunctive relief. Defendants' Motion for Summary Judgment [34] will therefore be **granted in part** and **denied in part**.

Nevertheless, because the Court has already found that Plaintiff has not sufficiently alleged a violation of his Eighth Amendment rights, it finds that the remaining § 1983 claims for injunctive relief against Defendants in their official capacities, as pleaded, do not state a claim upon which relief can be granted. Plaintiff is therefore given fourteen (14) days from the date of this order to **show cause** as to why these claims should be **dismissed with prejudice.**

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [34] is **granted in part** and **denied in part.**

It is **granted** as to Plaintiff's claims under 42 U.S.C. § 1983 against Defendants in their individual capacities. It is further **granted** as to Plaintiff's claims under 42 U.S.C. § 1983 against

4

Defendants in their official capacities as to Plaintiff's demand for money damages.

It is **denied** as to Plaintiff's claims under 42 U.S.C. § 1983 against Defendants in their official capacities as to Plaintiff's demand for injunctive relief.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff is given fourteen (14) days from the date of this order to **show cause** as to why the remaining claims under 42 U.S.C. § 1983 should not be **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

SO ORDERED AND ADJUDGED this the 29th day of March, 2016.

                *s/Keith Starrett*
                UNITED STATES DISTRICT JUDGE