IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WINFRED FORKNER**                                                                                                    **PLAINTIFF**

**VS.**                                                  **CIVIL ACTION: 1:15cv96-KS-RHW**

**RONALD WOODALL**[1]                                                                                  **DEFENDANT**

**REPORT AND RECOMMENDATION**

Before the Court is [49] Dr. Ronald Woodall's November 30, 2015 motion for summary judgment in this prisoner civil rights lawsuit filed by the *pro se* Plaintiff Winfred Forkner on March 23, 2015. Forkner filed no response to Dr. Woodall's motion, but since the motion is dispositive, the undersigned addresses it on the merits.

Facts and Procedural History

Winfred Forkner is serving a habitual offender life sentence in custody of the Mississippi Department of Corrections (MDOC), and is presently housed at South Mississippi Correctional Institution (SMCI). Forkner contends he receives constitutionally deficient medical care for Hepatitis C, because Dr. Woodall, one of the doctors who treat inmates at SMCI, has "failed to take reasonable action of prevention" for Forkner's condition. [1, p. 3] It is undisputed that Forkner has the disease, although he was unaware of it until it was diagnosed from blood tests some time before he was transferred to SMCI in February 2014,[2] and has experienced no

---

[1] Forkner originally sued four other defendants in addition to Dr. Woodall. All other defendants have been granted summary judgment and dismissed from the case by orders [78] and [81], entered March 29, 2016 and April 19, 2016, respectively.

[2] Forkner was an intravenous heroin user until 1999. [53-2, pp. 40, 73] He thinks he contracted Hepatitis C "around 2013" [49-2, p. 7], but an April 2012 medical record appears to show the virus. [53-2, p. 9] He was enrolled in the prison's hepatitis chronic care clinic on June 26, 2012. [53-2, pp. 17, 23]

symptoms. [49-2, pp. 7-10] In response to Forkner's complaints, Dr. Woodall stated Forkner "is treated in chronic care Hep C clinic with follow up lab with monitoring with no indifference to care."[3] [1-1, p. 13] Forkner admits he has lab work done at SMCI every six months, but he disagrees that monitoring is appropriate treatment for his Hepatitis C and contends he is constitutionally entitled to medication for the condition. *Id.*, [49-2, pp. 11-12].

## Summary Judgment Standard

Under Rule 56, FED.R.CIV.P., a motion for summary judgment shall be granted "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." A material fact is one that might affect the outcome of the suit under the governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorable to the non-moving party. *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005).

The party who bears the burden of proof at trial also bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). One seeking summary judgment must identify those portions of the pleadings and discovery on file and any affidavits which he believes demonstrate the absence of a genuine issue of material fact. *Id.*, at 325. If the movant fails to show the absence of a genuine issue concerning any material fact, summary judgment must be denied, even if the non-movant has not responded to the motion. *John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985). However, once the movant carries

---

[3] Forkner was enrolled in chronic care immediately upon his arrival at SMCI on February 5, 2014. [53-3, p. 30]

his burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  The non-movant may not rest upon mere allegations or denials, but must set forth specific facts showing there is a genuine issue for trial by submitting opposing evidentiary documents or referring to evidentiary documents already in the record which show a genuine issue as to a material fact exists.  *Celotex*, 477 U.S. at 324-325; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (holding the non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.").  Conclusory allegations, unsubstantiated assertions or the presence of a scintilla of evidence, will not suffice to create a real controversy regarding material facts.  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

**Deliberate Indifference to serious medical needs:**

The Constitution guarantees prisoners "only adequate, *not* optimal medical care." *Spriggins v. LaRavia*, 2012 WL 1135845 at *4 (E.D. La., April 4, 2012) (emphasis in original), citing *Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006).  Violation of an inmate's federal constitutional right to medical care occurs only where prison officials know of and are deliberately indifferent to the inmate's serious medical needs.  *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999).  To act "deliberately" means to act intentionally; that is, knowingly and voluntarily and not because of mistake or accident.  Deliberate indifference cannot be inferred from negligent, or even grossly negligent, acts or omissions of a defendant; mere negligence, neglect, unsuccessful medical treatment or even medical malpractice do not give rise to a § 1983 cause of action.  *See*, *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Estelle v. Gamble*,

429 U.S. 97, 105-6 (1976); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979). "Neither an incorrect diagnosis nor the failure to alleviate a significant risk that an official should have perceived but did not will be sufficient to establish deliberate indifference." *Smith v. Cooper*, 2011 WL 3115850, *4 (W.D. La. 2011); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It is Forkner's burden to demonstrate that Dr. Woodall knew of, and was deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. at 106; *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (plaintiff must show officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs").

Forkner's voluminous medical records[4] show he regularly sought and received medical attention from doctors, nurses, and health care personnel at the prison who addressed his complaints, monitored his medical conditions,[5] and prescribed and administered treatment and medications as deemed medically necessary. The records[6] and Dr. Woodall's affidavit [49-3] establish that Forkner's Hepatitis C is monitored in the chronic care clinic at the prison, and that he has lab work done every six months. According to Dr. Woodall's affidavit, Forkner's liver function tests do not indicate a need for additional treatment at this time. [49-3] "[M]edical judgments are not to be lightly second-guessed in a federal civil rights action." *Castro v. Louisiana*, 2008 WL 5169401, at *4 (E.D. La. December 8, 2008).

---

[4] The medical records total 863 pages. [53] The docket reflects in the Minute Entry of 6/30/2015 that Forkner was also provided a copy of these records at the hearing conducted on that date.

[5] Forkner also receives cardiovascular and endocrine chronic care for hypertension and diabetes.

[6] See, *e.g.*, [53-2, pp. 27, 58, 75, 91], [53-3, pp. 50-51, 55], [53-4, pp. 45, 47-49], [53-5, p. 72].

A prisoner's disagreement with his treatment does not state a constitutional claim for deliberate indifference. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *see also Spriggins*, 2012 WL 1135845 at * 4, quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976), "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." That Forkner wants different treatment, or "preventative" medication does not entitle him to it. *See*, *Gamage v. Wexford Health Sources, Inc.*, 2013 WL 704933 at *5 (S.D. Miss., February 26, 2013) (a prisoner is not entitled to medication just because he asks for it). In *Davidson v. Texas Dept. of Criminal Justice*, 91 Fed.Appx. 963, (5th Cir. 2004), the Fifth Circuit upheld dismissal of a prisoner's civil rights action as frivolous, rejecting his claim that prison officials' refusal to treat his hepatitis with medication constituted deliberate indifference to his serious medical needs in violation of the Eighth Amendment. *See also*, *Harris v. Epps*, 2012 WL 3114555, at *4 (S.D. Miss. July 31, 2012) (rejecting prisoner's claim of constitutionally inadequate medical care for, among other things, his hepatitis C, where the condition was being routinely monitored and his medical records documented regular treatment by medical personnel).

Forkner is not entitled to the best medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at * 7 (S.D. Miss. September 25, 2006). The standard by which this case must be judged is deliberate indifference to serious medical needs.

> ... the determinative issue ... is not whether the medical treatment plaintiff received was subpar in some respect, whether his medical problems persisted despite treatment, or whether he was dissatisfied with his care; rather, it is only whether his serious medical needs were met with *deliberate indifference.*

*Spriggins*, 2012 WL 1135845 at *5 (emphasis in original). Deliberate indifference "is an

extremely high standard to meet." *Gobert*, 463 F.3d at 346. A finding of deliberate indifference "must rest on the facts clearly evincing 'wanton' actions on the part of the defendants." *Johnson*, 759 F.2d at 1238. The evidence before the Court does not demonstrate such wanton actions on the part of Dr. Woodall in his treatment of Forkner's Hepatitis C.

## RECOMMENDATION

Based on the foregoing, the undersigned United States Magistrate Judge recommends that Dr. Woodall's motion for summary judgment be granted, and this case dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

After being served a copy of a Report and Recommendation, a party has 14 days to serve on the other parties, submit to the assigned District Judge, and file with the clerk of court his written objections to the Report and Recommendation. The objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Court need not consider frivolous, conclusive, or general objections. An opposing party has seven days after being served with objections, to serve and file a response or to notify the District Judge he does not intend to respond to the objections. Except on grounds of plain error, a party cannot attack on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not timely file objections. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 29th day of June, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE