IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WINFRED FORKNER**                                                                 PETITIONER

VS.                                                            CIVIL ACTION **NO.1:15CV96KS-RHW**

**RONALD WOODALL**                                                                  RESPONDENT

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

This cause is before the Court on Dr. Ronald Woodall's Motion for Summary Judgment [49] in this prisoner civil rights lawsuit filed by the *pro se* Plaintiff Winfred Forkner [1], and the Court considering same and also considering the Report and Recommendation filed June 29, 2016, by United States Magistrate Judge Robert H. Walker, does hereby find as follows.

### I. PROCEDURAL HISTORY

Winfred Forkner is serving a habitual offender life sentence in custody of the Mississippi Department of Corrections (MDOC), and is presently housed at South Mississippi Correctional Institution (SMCI). Forkner contends he receives constitutionally deficient medical care for Hepatitis C, because Dr. Woodall, one of the doctors who treat inmates at SMCI, has "failed to take reasonable action of prevention" for Forkner's condition. [1, p. 3] It is undisputed that Forkner has the disease, although he was unaware of it until it was diagnosed from blood tests some time before he was transferred to SMCI in February 2014, and has experienced no symptoms. [49-2, pp. 7-10] In response to Forkner's complaints, Dr. Woodall stated Forkner "is treated in chronic care Hep C clinic with follow up lab with monitoring with no indifference to care." [1-1, p. 13] Forkner admits he has lab work done at SMCI every six months, but he disagrees that monitoring is appropriate treatment for his Hepatitis C and contends he is

constitutionally entitled to medication for the condition. *Id.*, [49-2, pp. 11-12].

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F. 2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such a review means that this Court will examine the entire record, and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Koetting v. Thompson*, 995 F. 2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F. 2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F. 3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

Petitioner's objection to the Magistrate's report argues that he did not have the opportunity to rebut Dr. Woodall's motion to alter or amend the case management order to extend the deadline for filing dispositive motions. However Rule 16(b)(4), Fed.R.Civ.P., states that the Court may modify the scheduling order entered in a case. This was addressed in an Order [41] entered by the Magistrate Judge. Petitioner also argues that the motion being filed on October 21, 2015 was filed past the deadline set in the scheduling order. The deadline Petitioner is referring to however is for Motions for Amended Pleadings. The deadline for Dispositive Motions was not until October 29, 2015; making Dr. Woodall's motion timely.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection. For the reasons set forth above, this Court concludes that Petitioner's objection lacks merit and should be **overruled.** The Court further concludes that the Proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves, and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Robert H. Walker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Dr. Woodall's Motion for Summary Judgment [49] is **granted** and the case is **dismissed with prejudice**. All other pending motions are denied as moot.

**SO ORDERED AND ADJUDGED** on this, the 4th day of August, 2016.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE